The People of the State of New York, Respondent, 
against
Eduardo Sistachs-Hernandez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered March 18, 2015, convicting him, after a nonjury trial, of public lewdness and exposure of person, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered March 18, 2015, affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]), where two police officers testified that they separately observed defendant masturbating in a public bathroom inside the Port Authority Bus Terminal (see Penal Law § 245.00; People v McNamara, 78 NY2d 626, 631 [1991]; Matter of Tyrone G., 74 AD3d 671, 671 [2010]). There is no basis for disturbing the court's determinations concerning credibility, including its evaluations of minor inconsistencies in the testimony of the officers.
Defendant's argument that the court violated his rights under the Confrontation Clause when it limited his cross- examination of one of the officers as to prior arrests for similar conduct is unpreserved (see People v Azor, 114 AD3d 446, 448 [2014], lv denied 23 NY3d 1034 [2014]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant's contentions are without merit. The court properly allowed the defense to engage in good faith cross-examination of the officer regarding similar public lewdness arrests for conduct occurring in the same bathroom, which conduct, the officer testified, was a "common precinct condition" in the Port Authority public bathrooms. In any event, any perceived error was harmless in light of the overwhelming evidence, including the testimony from the second officer (see People v Crimmins, 36 NY2d 230, 240-241 [1975]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 23, 2018